```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

HUMBERTO FEIJOO,
    Plaintiff,

    v.                                          CIVIL ACTION NO.
                                                  14-12833-IT

LUIS SPENCER, et al.,
    Defendants.

## MEMORANDUM AND ORDER

For the reasons stated below, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is granted for the purpose of service of process; Plaintiff's Motion Requesting Fees and Costs of Service is granted; and Plaintiff's motions for reconsideration of appointment of counsel are denied without prejudice.

## BACKGROUND

Humberto Feijoo, a prisoner confined to MCI - Shirley, initiated this civil rights action by filing a complaint, motion for counsel and payment of the $350 filing fee. Because plaintiff did not pay the $50 administrative fee, he was granted additional time either to pay the $50.00 administrative fee or move for leave to proceed without prepayment of the filing fee along with the submission of a certified copy of his prison account statement. See 07/21/14 Procedural Order, Docket No. 6. Plaintiff's motion for appointment of counsel was denied without prejudice to renewal after the filing fee issue has been resolved. Id.

Feijoo paid the $50 administrative fee. See Docket No. 8.

Now pending before the Court are his (1) Application to Proceed in District Court Without Prepaying Fees or Costs; (2) Motion Requesting Fees and Costs of Service by Sheriff; and (3) two Motions for Reconsideration of Plaintiff's Motion for Appointment of Counsel.  On October 14, 2014, plaintiff filed a letter explaining that he paid the filing and administrative fees and is waiting to hear from the Court concerning his requests for waiver of the sheriff's fee and appointment of counsel.  See Docket No. 15.

DISCUSSION

In this case, Plaintiff paid the filing fee and now seeks in forma pauperis ("IFP") status for appointment of counsel and service of the complaint by the United States Marshals Service.

Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the Court is required to "order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP."  See Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008).  Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel.

Plaintiff declares under the penalty of perjury that he is not employed in prison and that his only source of income is gifts of money from family and friends.  See Docket No. 11.  Plaintiff's IFP will be granted and the United States Marshals Service will be appointed to effect service of process of the

summons and complaint.[1]

As to plaintiff's renewed request for appointment of counsel, Feijoo has established that he is financially eligible. However, such appointment is a privilege and not a right. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("there is no absolute constitutional right to a free lawyer in a civil case"). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id.

At this early stage in the litigation, and without the benefit of a response from the defendants to the complaint, the Court cannot find that exceptional circumstances exist warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 11) is granted for the purpose of having the marshal service plaintiff's complaint on the defendants;

(2) Plaintiff's Motion Requesting Fees and Costs of Service (Docket No. 10) is granted;

(3) The Clerk shall issue summonses and the United States Marshals Service shall serve a copy of the summonses,

---

[1] The Court notes that Plaintiff's IFP was not accompanied by a copy of his prison account statement. The IFP will be granted despite the failure of filing such a statement because plaintiff paid the filing fee and his prison account statement is not needed for assessment of an initial, partial filing fee. See 28 U.S.C. § 1915(b)(1).

complaint, and this Memorandum and Order upon the defendants as directed by plaintiff with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Memorandum and Order to complete service;

(4) The defendants are required to respond to the complaint. See 42 U.S.C. § 1997e(g)(2); and

(5) Plaintiff's motions for reconsideration of appointment of counsel (Docket Nos. 9, 14) are denied without prejudice to renewal after the defendants have filed a responsive pleading and upon good cause shown.

SO ORDERED.

November 14, 2014  /s/ Indira Talwani
DATE  INDIRA TALWANI
  UNITED STATES DISTRICT JUDGE